IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

GERARD PUGH, :
:
        Petitioner, :
:
VS. :
: NO. 5:14-CV-91 (MTT)
Chairperson ALBERT MURRAY, *et al.*, :
:
        Respondents. : **O R D E R**

On March 18, 2014, the Court dismissed without prejudice Petitioner **GERARD PUGH'S** 28 U.S.C. § 2254 habeas action because it was second or successive (Doc. 6). Petitioner thereafter filed a motion for reconsideration, arguing that his original filing was not a habeas action, but was a mandamus action (Doc. 10). By Order dated April 2, 2014, the Court denied Petitioner's motion (Doc. 11). The Court concluded that Petitioner had not sought mandamus relief in his petition, and even if he had, this Court lacked authority to compel action by the state officials Petitioner sued.

Petitioner has now filed three additional post-judgment motions: (1) "Motion for Injunction on Dismissal" (Doc. 12); (2) "Petitioner Rebuttal of Order 3/18/2014" (Doc. 13); and (3) "Motion for Appointed Counsel" (Doc. 14).

As to Petitioner's first motion, he seeks recusal of the undersigned for "undermin[ing] [his] (mandamus) petition and asks for a "hearing on neglect of duty/supervision by the parole board." With regard to recusal, the Eleventh Circuit Court of Appeals stated in ***Stringer v. Doe***, 503 F. App'x 888, 890 (11th Cir. Jan. 15,

2013):

> "To warrant recusal under [28 U.S.C.] § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." ***Christo v. Padgett***, 223 F.3d 1324, 1333 (11th Cir. 2000).   Under 28 U.S.C. § 455(a), "the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." ***Christo***, 223 F.3d at 1333.   Judicial rulings standing alone rarely constitute a valid basis for a bias or partiality motion.   ***Draper v. Reynolds***, 369 F.3d 1270, 1279 (11th Cir. 2004).

Petitioner has alleged no specific facts in support of his motion for recusal.

Petitioner's request for a hearing regarding the Parole Board,[1] as well as his rebuttal of this Court's March 18 Order, provide no basis for this Court to revisit its dismissal of the instant action.   Because of such dismissal, Petitioner's request for appointment of counsel is moot.

All of Petitioner's motions are hereby **DENIED**.   Petitioner is advised that, because this case is closed, the Court will summarily deny any additional post-judgment filings.

**SO ORDERED**, this 28th day of April, 2014.

                                                 S/ Marc T. Treadwell
                                                 MARC T. TREADWELL, JUDGE
                                                 UNITED STATES DISTRICT COURT

cr

---

[1] In addition to the reasons previously articulated by the Court for dismissing the instant action, the Court notes that Petitioner neither was convicted nor is confined in the Middle District of Georgia.   This Court therefore is not the appropriate forum to hear any habeas action Petitioner wishes to maintain.